# Commonwealth of Pennsylvania v. West End Coal Company, Appellant.

*Taxation—Corporation—Appraisement of shares—Mining leases.*

A corporation owning mining leases earned over sixteen per cent during the tax year of 1895, during which time there were no sales of stock. It owned no land, and some of its mining leases were to expire on June 30, 1897, and there was some uncertainty about their renewal, which was considered in making the assessment. It did not appear that a failure to secure a renewal of the leases would necessarily end the business operations of the company. The auditor general and state treasurer assessed the shares at five sixths of their par value. *Held*, that a proper allowance had been made for a possible failure to renew the leases, and that the assessment should be sustained.

Argued May 3, 1897. Appeal, No. 27, May T., 1897, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1896, No. 871, on appeal from tax settlement. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Appeal from tax settlement.    Before SIMONTON, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in sustaining tax settlement.

*M. E. Olmsted*, for appellant, cited Com. v. Edgerton Coal Co., 164 Pa. 284.

*John P. Elkin*, deputy attorney general, with him *Henry C. McCormick*, attorney general, for appellee.

OPINION BY MR. JUSTICE FELL, July 15, 1897 :
There were no sales of the stock of the appellant company during the tax year 1895. Its treasurer appraised its shares at $25.00 each, and its total capital stock at $75,000. The facts upon which the auditor general and state treasurer base their appraisement of $250,000 are these : The company has a paid-up capital of $300,000, and a surplus of $17,480. During the tax year its gross earnings were $344,537.88, and its net earnings

$50,475.97, and after the payment of dividends it added to its sinking fund $25,150. The only ground upon which it is possible to base an objection to the approval by the court of this appraisement is that the company owned no land and that the lease of certain anthracite coal lands upon which it had been engaged in mining coal would expire June 30, 1897, and according to the statement of the treasurer it was uncertain whether the lease could be renewed or a new one made upon terms which would warrant the company in continuing its operations.

This fact should of course be taken into consideration in appraising the capital stock, and it was considered, and full allowance for the uncertainty made. The company for the year earned over sixteen per cent, and its shares were assessed at only five sixths of their par value. It is true that in such a case as this an appraisement should not be based upon the earnings for any one year, and that there can be no fixed and certain standard. Large earnings in coal mining, as was said by the present Chief Justice in Commonwealth v. Edgerton Coal Co., 164 Pa. 284, may indicate large exhaustion of the coal, and consequent impairment of the capital, and " to arrive at the actual value, possibilities and probabilities as well as things certain are properly considered." A failure to secure a renewal of the lease would not necessarily or even probably end the business operations of the company, and the value of its capital stock did not depend entirely upon its ability to continue the lease of a particular mine. In making the appraisement full weight, we think, was given to the mere suggestions, unsupported by further proof, of the uncertainty of renewal.

The judgment is affirmed.